

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00075-CR

---

THOMAS RAY MAYHEW, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 58,954-D, Honorable Pamela C. Sirmon, Presiding

---

June 30, 2021

## ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and DOSS, JJ.

In 2009, appellant Thomas Ray Mayhew was convicted of criminal trespass and sentenced to sixty days' confinement in county jail. On March 22, 2021, the trial court signed a nunc pro tunc judgment of conviction. Appellant appeals pro se, from the nunc pro tunc judgment. Because the clerk's record has yet to be filed, we remand the cause for further proceedings.

The appellate record was originally due May 21, 2021. The reporter's record, transcribing appellant's 2009 plea hearing, has been filed. The clerk's record has not

been filed, however, because appellant has not paid for its preparation. *See* TEX. R. APP. P. 35.3(a)(2). By letter of May 28, 2021, we directed appellant to make payment arrangements for the clerk's record by June 11. Failure to do so, we advised, would result in the appeal being abated and the cause remanded to the trial court for further proceedings. Appellant has failed to make payment arrangements for the clerk's record to date.

Accordingly, we abate the appeal and remand the cause to the trial court. *See* TEX. R. APP. P. 37.3(a)(2). Upon remand, the trial court shall utilize whatever means it finds necessary to determine the following:

(1)     whether appellant still desires to prosecute the appeal;

(2)     whether appellant is indigent and entitled to have the clerk's record furnished without charge (along with appellate counsel); and

(3)     if appellant is not entitled to have the clerk's record furnished without charge, the date appellant will make acceptable payment arrangements for the clerk's record. *See* TEX. R. APP. P. 20.2.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a clerk's record and cause that record to be filed with this court by July 30, 2021. Should further time be needed to perform these tasks, then same must be requested before July 30, 2021.

It is so ordered.

Per Curiam

Do not publish.

2